IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HOWARD, III | ) |
| | ) |
| v. | ) Criminal Nos. 13-135; 14-149 |
| | ) (Civ. Nos. 15-1603; 15-1604) |
| | ) |
| UNITED STATES OF AMERICA | ) |

## MEMORANDUM OPINION & ORDER

On December 8, 2015, Charles Howard, III filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 23 in Cr No. 13-135; ECF No. 53 in Cr. No. 14-149). We ordered the government to respond to the motion February 1, 2016, and subsequently we granted the government's motion for an extension of time to respond to February 29, 2016. The government filed its Response on February 24, 2016.

On March 17, 2016, we received a letter from Mr. Howard indicating that he had been transported from the North East Ohio Correctional Center to the United States Penitentiary at Hazelton in West Virginia. He states that he has not received relevant legal pleadings with respect to his 2255 Petition, and requests that we forward documents related to his 2255 Petition and allow him additional time to prepare a Response. We will grant this request, provide him with the pleadings related to his 2255 Petition, and extend his time to file a Reply to the government's Response to April 27, 2016. Because identical documents are filed at both Criminal No. 13-135 and Criminal No. 14-149, we will only send a complete copy of the documents filed at Criminal No. 13-135, and the first page of each document filed at Cr no. 14-149.

Mr. Howard also requests that we allow him to receive transcripts from his prior state convictions. This Court is not in possession of any state court transcripts related to Mr. Howard's prior state court convictions. It is unclear if Mr. Howard is trying to obtain transcriptions of actual proceedings; however we note that the government has attached as exhibits to its response several court records related to Mr. Howard's prior convictions. These documents are included in the material we are sending to Mr. Howard.

Finally, Mr. Howard refers to his Motion to Appoint Counsel filed on December 17, 2016, in which he request that the Court appoint counsel to represent him in his Petition. We will deny this motion. There is no absolute constitutional right to appointment of counsel in a federal habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see also Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1989) ("the right to appointed counsel extends to the first appeal of right, and no further."). A court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2)(B). Having reviewed the Petition and the government's response we conclude that the interests of justice do not require the appointment of counsel in this case.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 21st day of March, 2016, it is hereby ORDERED, ADJUGDED, and DECREED as follows.

Petitioner's request for pleadings related to his 2255 Petition is GRANTED. The material shall include the Petitioner's original 2255 Petition, his Supplement, his Motion to Appoint Counsel, and the Government's Response to the 2255 Petition and accompanying Exhibits, and shall be mailed to Petitioner along with this Memorandum Opinion & Order. Petitioner's Reply to the government's Response is due by **April 27, 2016**.

IT IS FURTHER ORDERED that Petitioner's Motion to Appoint Counsel (ECF No. is DENIED.

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc:  CHARLES HOWARD, III , pro se
34163-068
U.S.P. Hazelton
PO BOX 2000
BRUCETON MILLS, WV  26525